## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN HUCKABEE, #M15075,                        )
                                               )
        **Plaintiff,**                    )
                                               )
    vs.                                    )        **Case No. 25-cv-00685-SMY**
                                               )
ANTHONY WILLS,                                 )
TAYLOR (T.A.C.T. C/O),                         )
HEATHER YOUNG,                                 )
WEXFORD HEALTH SOURCES, INC.,                  )
JOHN DOE (T.A.C.T. C/O), B. LLOYD,             )
C/O BAKER, C/O CHANDLER,                       )
C/O CAMPBELL, C/O KITCHEN,                     )
SANDY L. WALKER,                               )
ANTHONY B. JONES, C/O HAGENE,                  )
C/O DAME, C/O HOPPENRATH,                      )
C/O HUTSON, B. HARRIMAN,                       )
C/O RIDINGS, C/O MILLER,                       )
REVA ENGELAGE, LATOYA HUGHES,                  )
and JOHN DOE 2 (Wexford Nurse),                )
                                               )
        **Defendants.**                  )

## MEMORANDUM AND ORDER

**YANDLE, Chief Judge:**

Plaintiff John Huckabee, Jr. is a former inmate of the Illinois Department of Corrections ("IDOC"). After his release on parole, he filed the instant lawsuit pursuant to 42 U.S.C. § 1983, alleging deprivations of his constitutional rights during his incarceration at Menard Correctional Center. He claims he was subjected to excessive force, denied medical attention, and housed in an unsanitary cell (Doc. 1). He seeks monetary damages (Doc. 1, p. 15).

Plaintiff requests leave to proceed *in forma pauperis* ("IFP") in this action. (Doc. 2). Because Plaintiff was no longer incarcerated at the time he filed this case, his claims are not subject to threshold review under 28 U.S.C. § 1915A. However, because he seeks IFP status, the Court

1

must review his claims pursuant to 28 U.S.C. § 1915(a)(1) and (e)(2).

A federal district court may allow an indigent plaintiff to proceed without prepayment of fees based on an affidavit identifying the movant's assets and demonstrating their inability to pay the fees.  *See* 28 U.S.C. § 1915(a)(1).  Here, based upon Plaintiff's affidavit (Doc. 2), the Court is satisfied that he is indigent.  But the inquiry does not end there; 28 U.S.C. § 1915(e)(2) requires careful threshold scrutiny of a Complaint filed by an IFP plaintiff.

A court may deny a qualified plaintiff leave to file IFP and dismiss the case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller*, 708 F.2d 1241, 1247 (7th Cir. 1983).

An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court will deny leave to proceed IFP if it finds the case lacks merit under the criteria set forth in § 1915(e)(2)(B).  *Lucien v. Roegner*, 682 F.2d 625, 626 (7th Cir. 1982).

### The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff and his cellmate had a minor fight on December 26, 2024 in cell 9-19 at Menard (Doc. 1, p. 9).  Unknown correctional officers sprayed Plaintiff with pepper spray.  Two John Doe T.A.C.T. Officers handcuffed Plaintiff and took him down the stairs.[1]  They rammed Plaintiff against a steel door and one John Doe choked him and dragged him downstairs.  They arrived outside the East Cell

---

[1] Plaintiff lists only one John Doe T.A.C.T. Officer as a defendant (Doc. 1, p. 8), but his narrative alleges that two or more unknown T.A.C.T. Officers assaulted him (Doc. 1, pp. 9-10).

House where another unknown officer joined the two John Does, and all three officers punched Plaintiff in his head, neck, and ribs. They switched his handcuffs to the back and shackled his ankles (Doc. 1, p. 10). Two John Doe T.A.C.T. Officers took Plaintiff to the Healthcare Unit, choking and dragging him on the way.

Inside the examining room, Defendant Taylor and an unknown T.A.C.T. officer rammed Plaintiff's forehead, nose, and mouth into the concrete wall, causing him to bleed profusely, while Defendant Lt. B. Lloyd and Defendant John Doe 2 (a male nurse) watched. Plaintiff begged Lloyd and John Doe 2 to stop the beating, but they refused and laughed at him. Neither the John Doe 2 nurse nor the other defendants reported Plaintiff's injuries (Doc. 1, p. 10). Defendant B. Harriman also watched one of the beatings but did not intervene or get medical help (Doc. 1, p. 13). Plaintiff's injuries included a fractured shoulder, fractured skull, loose teeth, broken nose, and nerve, vision, and lung damage (Doc. 1, pp. 13-14).

Three officers took Plaintiff to the North 2, 6th floor segregation unit (Doc. 1, p. 10). They manhandled Plaintiff and told him they could kill him and get away with murder.

Defendant Baker, the officer in charge of 2 Gallery, took Plaintiff to visit mental health. Plaintiff showed his injuries to the unknown mental health worker and told her about the attack. Despite saying she would report the matter to Internal Affairs for investigation, she failed to do so and did nothing when Plaintiff asked for medical care (Doc. 1, p. 11). Baker made fun of the large lump on Plaintiff's forehead and refused Plaintiff's request for medical care, saying the nurse didn't want to see him. Baker refused to disclose the nurse's name.

On the way back to Plaintiff's cell, Plaintiff asked Defendant Officers Chandler and Campbell to help him get medical attention, but they did nothing.[2] Plaintiff spent the next 21 days

---

[2] Plaintiff alleges Chandler and Campbell know the name of an unknown T.A.C.T. officer who was present on December 26, 2024 (Doc. 1, p. 11).

in his cell coughing up blood and in so much pain that he couldn't get out of bed for two weeks. He received no medical care and had no way to report the attack (Doc. 1, p. 11). Plaintiff informed Defendants Kitchen, Hoppenrath, Dame, Miller, Hutson, Chandler, Hagene, Campbell, Ridings, Jones, Wills, and Walker about the attack, but they refused to obtain medical care for him (Doc. 1, pp. 11-12). Defendant Nurse Engelage denied him medical attention (Doc. 1, p. 13).

From December 26, 2024 to March 14, 2025, Plaintiff was held in a cell covered with black mold and friable asbestos, infested with insects, contaminated with rotten food, and lacking running water (Doc. 1, p. 11). Officers refused to give Plaintiff cleaning supplies.[3] Plaintiff signed up for sick call several times during this period, but nurses didn't believe he was attacked by the officers and refused to help him (Doc. 1, p. 12).

Plaintiff filed Grievance No. K4-0125-0463 over the excessive force incident. Defendants Nurse Reva Engelage, Counselor Heather Young, and Warden Wills reviewed the grievance but refused to help Plaintiff (Doc. 1, p. 12). An investigation was begun on January 29, 2025 but no results were reported to Plaintiff. Plaintiff wrote several times to Wills but got no response. Defendant IDOC Director Hughes read Plaintiff's grievance but took no action.

Plaintiff was released from IDOC custody on March 14, 2025 (Doc. 1, p. 12).

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

> Count 1: Eighth Amendment excessive force claim against the John Doe (T.A.C.T. Officer) and Taylor for beating Plaintiff on December 26, 2024, and against Lloyd, John Doe 2 (nurse), and Harriman for failing to intervene to stop the beating.

---

[3] Plaintiff submitted several exhibits to his Complaint (Doc. 7), including a January 27, 2025 grievance reciting that Plaintiff informed Defendants Baker, Hutson, Chandler, and Kitchen of the unsanitary cell conditions but they failed to give him cleaning supplies (Doc. 7, pp. 1-2), and a February 16, 2025 grievance stating he notified Defendants Young, Engelage, Kitchen, Hagene, Baker, Hutson, Miller, Hoppenrath, Dame, Jones, and Wills of the conditions (Doc. 7, pp. 6-7).

Count 2:    Eighth Amendment deliberate indifference to serious medical needs claim against all defendants for failing to provide or obtain medical care for Plaintiff for the injuries he suffered from the beating on December 26, 2024.

Count 3:    Eighth Amendment claim against all defendants for housing Plaintiff in an unsanitary cell from December 26, 2024 to March 14, 2025.

Count 4:    Claim against all defendants for failing to investigate the alleged excessive force incident of December 26, 2024 or discipline the officers involved.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Discussion

### Count 1

"Correctional officers violate the Eighth Amendment when they use force not in a good faith effort to maintain or restore discipline, but maliciously and sadistically for the very purpose of causing harm." *Wilborn v. Ealey*, 881 F.3d 998, 1006 (7th Cir. 2018); *see also Wilkins v. Gaddy*, 559 U.S. 34 (2010). Plaintiff's allegations against the John Doe (T.A.C.T. Officer) and Taylor state a viable excessive force claim for the alleged attacks on December 26, 2024. Plaintiff also states a claim against Defendants Lloyd, Harriman, and the John Doe 2 nurse for allegedly watching the beating and failing to intervene. *See Harper v. Albert*, 400 F.3d 1052, 1064 (7th Cir. 2005).

Count 1 will proceed against the John Doe (T.A.C.T. Officer), Taylor, Lloyd, Harriman, and the John Doe 2 nurse. However, Plaintiff must identify the John Doe Defendants so they may

5

be served with notice of the lawsuit.

**Count 2**

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities, or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). A guard who uses excessive force on a prisoner has "a duty of prompt attention to any medical need to which the beating might give rise[.]" *Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996).

Plaintiff's allegations are sufficient to state a claim for deliberate indifference against the John Doe (T.A.C.T. Officer), Taylor, Lloyd, Harriman, the John Doe 2 nurse, Baker, Kitchen, Hoppenrath, Dame, Miller, Hutson, Chandler, Hagene, Campbell, Ridings, Jones, Wills, Walker, and Engelage. However, he fails to state a claim in Count 2 against Young, Hughes, and Wexford Health Sources, Inc. ("Wexford").

Plaintiff alleges Counselor Young and Director Hughes reviewed his grievances over the alleged attack and his need for medical care, but does not claim they had personal involvement in the events or that he communicated with them outside the grievance process to seek medical attention. To be held liable in a § 1983 action, a defendant must have been personally responsible for a constitutional violation. An official who merely reviews a grievance or appeal cannot be liable for the conduct forming the basis of the grievance. *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). Accordingly, Young and Hughes will be dismissed from Count 2 without prejudice.

6

Defendant Wexford is a corporation that employed medical providers at the prison when Plaintiff's claims arose. A corporation can be held liable for deliberate indifference only if it had a policy or practice that caused the alleged violation of a constitutional right. *Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004); *see also Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 766 n.6 (7th Cir. 2002) (private corporation is treated as though it were a municipal entity in a § 1983 action). Plaintiff does not allege he was denied medical care due to a Wexford policy or practice. Therefore, Wexford will be dismissed without prejudice from Count 2.

### Count 3

To state an Eighth Amendment claim for unsanitary conditions of confinement, Plaintiff must plead facts suggesting he was denied "the minimal civilized measure of life's necessities," creating an excessive risk to his health or safety (the objective element). *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). He must also sufficiently plead the defendant exhibited deliberate indifference to a substantial risk of serious harm to the inmate, despite the defendant's knowledge of the bad conditions. *Farmer*, 511 U.S. at 837, 842. For a defendant to be personally liable under § 1983, the individual "must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005).

Plaintiff has sufficiently pleaded an Eighth Amendment claim against the individuals he allegedly told about the unsanitary and unsafe cell conditions and who took no action. Thus, Count 3 will proceed against Wills, Young, Baker, Chandler, Kitchen, Jones, Hagene, Dame, Hoppenrath, Hutson, Miller, and Engelage. However, Defendants Taylor, Wexford, John Doe (T.A.C.T. C/O), Lloyd, Campbell, Walker, Harriman, Ridings, Hughes, and John Doe 2 (Nurse) will be dismissed without prejudice from Count 3.

7

**Count 4**

Prison officials incur no liability under § 1983 if they fail or refuse to investigate a prisoner's complaints or grievances.  *See Watson v. Dodd*, No. 16-CV-1217-NJR, 2017 WL 120951, at *6 (S.D. Ill. Jan. 12, 2017); *Wilkins v. Illinois Dep't of Corr.* No. 8-cv-732-JPG, 2009 WL 1904414, at *9 (S.D. Ill. July 1, 2009).  Count 4 will therefore be dismissed for failure to state a claim upon which relief may be granted.

**Official Capacity Claims**

Plaintiff raises claims against some defendants in their individual and official capacities. Claims for monetary damages may only be pursued against state officials in their individual capacities.  *Brown v. Budz*, 904 F.3d 904, 918 (7th Cir. 2005); *Shockley v. Jones*, 823 F.2d 1068, 1070 (7th Cir. 1987).  Accordingly, the official capacity claims are dismissed without prejudice.

**Unknown/John/Jane Doe Defendants**

Plaintiff is responsible for securing information aimed at identifying the Unknown/John/Jane Doe Defendants, in accordance with the John/Jane Doe Identification Order that will be entered separately.  Once the names of the unknown defendants are obtained, Plaintiff must file a motion to substitute the newly identified defendants in place of the generic designations in the case caption and throughout the Complaint.  Defendant Wills, as Warden of Menard Correctional Center, will remain as a defendant in his official capacity for the purpose of responding to Plaintiff's requests for information regarding the identity of the Unknown Defendants.

**Pending Motion**

Plaintiff's motion (Doc. 9) seeks to remove the undersigned from presiding over this case. Under 28 U.S.C. § 455, a judge should recuse herself in two situations: (1) recusal is mandatory

8

in any proceeding in which the judge's "impartiality might reasonably be questioned," 28 U.S.C. § 455(a); and (2) recusal is expected when any of the five statutorily prescribed criteria can be shown to exist, 28 U.S.C. § 455(b)(1)-(5).  Plaintiff has failed to demonstrate either basis.  Nor has he sufficiently alleged bias or prejudice to justify recusal under 28 U.S.C. § 144.  The required merit review Plaintiff seeks has been completed as reflected herein.

### Disposition

Plaintiff's Motion to Proceed IFP (Doc. 2) is **GRANTED**.  The Motion to Recuse (Doc. 9) is **DENIED**.

The Complaint states colorable claims in Count 1 against the John Doe (T.A.C.T. Officer), Taylor, Lloyd, Harriman, and the John Doe 2 nurse; in Count 2 against the John Doe (T.A.C.T. Officer), Taylor, Lloyd, Harriman, the John Doe 2 nurse, Baker, Kitchen, Hoppenrath, Dame, Miller, Hutson, Chandler, Hagene, Campbell, Ridings, Jones, Wills, Walker, and Engelage; and in Count 3 against Wills, Young, Baker, Chandler, Kitchen, Jones, Hagene, Dame, Hoppenrath, Hutson, Miller, and Engelage.  Count 4, Wexford Health Sources, Inc., and Latoya Hughes are **DISMISSED** from the action without prejudice.

The Clerk shall prepare for Anthony Wills (individual and official capacity), Taylor (T.A.C.T. C/O) Heather Young, B. Lloyd, C/O Baker, C/O Chandler, C/O Campbell, C/O Kitchen, Sandy L. Walker, Anthony B. Jones, C/O Hagene, C/O Dame, C/O Hoppenrath, C/O Hutson, B. Harriman, C/O Ridings, C/O Miller, and Reva Engelage: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the

date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED: March 30, 2026**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**Chief U.S. District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an

appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.